BEULAH M. SEYBOLD, APPELLANT, V. ERNEST E. SEYBOLD, APPELLEE.

216 N. W. 2d 179

Filed March 14, 1974. No. 39204.

John A. Wagoner, for appellant.

Owens & Owens, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and CHADDERON, District Judge.

CHADDERON, District Judge.

This is a divorce action commenced in the District Court for Fillmore County, Nebraska, on April 24, 1969, by Beulah M. Seybold against Ernest E. Seybold. An amended petition was filed to conform to the dissolution of marriage statutes in effect at that time. A responsive pleading was filed by the respondent, Ernest E. Seybold, alleging that the marriage was irretrievably broken. A decree was entered by the trial court determining that the marriage was irretrievably broken, that it should be dissolved, and a division of the property was ordered.

Beulah M. Seybold, hereafter referred to as the petitioner, appeals on the grounds that the court erred in not giving her a larger part of the property and that the court should have allowed her a fee for her attorney to be paid by Ernest E. Seybold, hereafter known as the respondent.

We affirm the decision of the trial court as modified.

In Schuller v. Schuller, *ante* p. 266, 214 N. W. 2d 617, the court set forth the law in regard to appeals in such actions and said: "* * * in a divorce action the case is to be tried de novo in this court on the issues presented on appeal. Lienemann v. Lienemann, 189 Neb. 626, 204 N. W. 2d 170; Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507. We are required to make independent conclusions of fact without reference to the conclusion or judgment reached in the District Court. Our review on appeal is not restricted by the fact that there may be some evidence in support thereof. § 25-1925, R. R. S. 1943. In a trial de novo, it is settled law that this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Magill v. Magill, 114 Neb. 636, 209 N. W. 241; Jones v. Dooley, 107 Neb. 162, 185 N. W. 307; Dvorak v. Kucera, 130 Neb. 341, 264 N. W. 737; O'Brien v. Fricke, 148 Neb. 369, 27 N. W. 2d 403."

The rule for determining alimony or the division of property in a dissolution action provides no mathematical formula by which such award can be determined. Generally speaking, awards of this court in cases of this kind vary from one-third to one-half of the value of the property involved, depending upon the facts and circumstances of the particular case. Junker v. Junker, 188 Neb. 555, 198 N. W. 2d 189; Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430; Loukota v. Loukota, 177 Neb. 355, 128 N. W. 2d 809; Jablonski v. Jablonski, 173 Neb. 544, 114 N. W. 2d 1.

The parties were married on June 15, 1939, it being a second marriage for both parties. The petitioner brought nothing into the marriage, and the respondent brought very little into the marriage except an interest

in farm machinery and livestock which the trial court could have found was of the value of $4,260. They lived on a farm in Hitchcock County, Nebraska, and were the parents of three children who are now emancipated. They acquired livestock and machinery and purchased the farm from the respondent's father in 1944. The parties had separated on two previous occasions before the final separation.

The petitioner testified from notes which she started to prepare regarding her work and the matters involved in the divorce before 1969 because "I knew I wasn't going to stay there and I knew there was going to be a divorce and I wanted to remember some of this stuff."

The parties were 62 and 63 years of age at the time of the dissolution and were in relatively good health.

At the time of the dissolution the property owned by both of the parties was valued at $89,610, from which must be deducted the amount of the indebtedness of $4,900, and the amount of the property owned by the respondent at the time of the marriage of $4,260, leaving a net worth of $80,450. The court decreed that the petitioner should have property and cash valued at $31,650, and that the respondent should have net property of $48,800. This amounts to a little more than 39 percent awarded the petitioner and about 60 percent awarded the respondent. In view of the fact that the parties were of approximately the same age and in relatively good health, and that the petitioner had planned to leave the family home some years before the divorce action was started and started preparing notes to that effect, we cannot say that the trial court abused its discretion in the division of the property.

In regard to the allowance of a fee for the attorney for the petitioner, this court said in Junker v. Junker, *supra:* "The amount of an award of an attorney's fee

is largely within the discretion of the trial court." Inasmuch as the petitioner was granted only 39 percent of the property, we think that the trial court should have allowed the petitioner a fee for her attorney. A fee of $750 is allowed for services in the trial court and this court.

The judgment of the District Court is affirmed as modified by the allowance of the attorney's fee.

AFFIRMED AS MODIFIED.