WILLIE PODESTA YOUNG, APPELLEE, v. EMERSON D. YOUNG, JR., APPELLANT.

224 N. W. 2d 361

Filed December 19, 1974. No. 39442.

L. W. Weber of Weber & Fugit, for appellant.

Richard M. Fellman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is a divorce action. The only questions raised deal with the propriety of the division of property and allowance of alimony and child support. We affirm the judgment as modified.

Emerson D. Young, Jr., and Willie Podesta were married at Chanute Air Force Base, August 8, 1969. Emerson is now a major in the United States Air Force, stationed at Offutt Air Force Base. Both parties had been married previously. Emerson is paying $130 per month for the support of a child adopted during his previous marriage. Willie had a child by her previous marriage who also was adopted by Emerson. This child was 8 years old at the time of the hearing. The petition for divorce was filed July 20, 1973, and was heard in October 1973. There is no question this marriage of less than 4 years was irretrievably broken. The husband testified: "There really hasn't been a marriage for the last two years."

The record reveals the property brought into the mar-

riage by each of the parties, and its value at that time, is as follows:

## EMERSON:

| | |
|---|---|
| Stock in Young's Department Store, Inc., Mattoon, Illinois | $ 5,810.00 |
| House, 701 East Patton Drive, Papillion, Nebraska | 30,000.00 |
| Car, 1965 Chevrolet | 800.00 |
| Household goods | 6,412.00 |
| Cash | 1,100.00 |
| Gross value of property: | $44,122.00 |
| Indebtedness: | |
| First National Bank, Mattoon, Illinois | $ 1,500.00 |
| Mortgage on 701 East Patton Drive, Papillion, Nebraska | 24,171.00 |
| Total indebtedness: | $25,671.00 |
| Net equity in property at time of marriage: | $18,451.00 |

## WILLIE:

| | |
|---|---|
| Rental property, 1505 Wabash Avenue, Mattoon, Illinois | $20,000.00 |
| Jewelry and clothing | 8,800.00 |
| First National Bank, Mattoon, Illinois | 400.00 |
| Stock, Airlift International — 100 shares | 769.00 |
| Car, Plymouth | 1,500.00 |
| Household goods | 6,785.00 |
| Gross value of property: | $38,254.00 |
| Indebtedness: | |
| First National Bank of Mattoon, Illinois | 1,500.00 |
| Mortgage on 1505 Wabash Avenue, Mattoon, Illinois | 18,000.00 |
| Total indebtedness: | $19,500.00 |
| Net equity in property at time of marriage: | $18,754.00 |

At the time of the divorce the parties still had the following property, the values indicated being the values at the time of the divorce:

### EMERSON:

| | |
|---|---:|
| Stock in Young's Department Store | $ 5,810.00 |
| House, Papillion, Nebraska | 38,000.00 |
| Car, 1965 Chevrolet | $ 200.00 |
| Household goods | 4,798.00 |
| Gross value of property at time of divorce: | $48,808.00 |
| Indebtedness: | |
| First National Bank, Mattoon, Illinois | 800.00 |
| Mortgages on Papillion property | 26,670.00 |
| Total indebtedness: | $27,470.00 |
| Net value: | $21,338.00 |

### WILLIE:

| | |
|---|---:|
| 1505 Wabash Avenue, Mattoon, Illinois | $28,000.00 |
| Jewelry and clothing | 6,500.00 |
| Cash, First National Bank, Mattoon, Illinois | 1,344.00 |
| Stock, Airlift International — 100 shares | 50.00 |
| Coles National Bank shares | 180.00 |
| Household goods | 1,236.00 |
| Gross value of property | $37,310.00 |
| Indebtedness: | |
| Mortgage on 1505 Wabash Avenue, Mattoon, Illinois | 8,955.25 |
| Net value at time of divorce: | $28,354.75 |

In addition thereto, the parties had the following property acquired during the marriage:

| | |
|---|---:|
| C. D., Bank of Bellevue, Nebraska | $ 500.00 |
| 175 shares, John Hancock Company | 4,331.00 |
| Coles National Bank stock | 165.00 |
| Joint account, Bank of Bellevue | 50.00 |

| | |
|---|---:|
| Personal account, Bank of Bellevue | 30.00 |
| Personal account, Harlingen National Bank | 15.00 |
| Business account | 250.00 |
| Business account | 1,500.00 |
| 1973 Mercury | 3,800.00 |
| Commercial building, 1624 Broadway Avenue, Mattoon, Illinois | 27,000.00 |
| Household goods | 3,960.00 |
| | |
| Total: | $41,601.00 |

Indebtedness:

| | |
|---|---:|
| Mortgage on 1624 Broadway Avenue, Mattoon, Illinois | $22,193.00 |
| Mrs. Emerson D. Young, Sr. — money borrowed on note for downpayment on 1624 Broadway Avenue, Mattoon, Illinois | 5,700.00 |
| | |
| Total indebtedness: | $27,893.00 |
| Current equity at time of divorce | $13,708.00 |

Subtracting the indebtedness, there would be a combined total net estate of $64,220.75.

The District Court awarded Emerson:

| | |
|---|---:|
| 1965 Chevrolet | $ 200.00 |
| Commercial property, 1624 Broadway Avenue, Mattoon, Illinois | 27,000.00 |
| Stock in Young's Department Store | 5,810.00 |
| Personal items and household goods | 5,858.00 |
| Certificate of deposit and bank accounts | 845.00 |
| | |
| Gross value of property awarded to Emerson: | $39,713.00 |
| Encumbrance on commercial property, 1624 Broadway Avenue, Mattoon, Illinois, and note for downpayment | 27,893.00 |
| | |
| Net value of property awarded Emerson: | $11,820.00 |

The District Court awarded Willie:

| | |
|---|---:|
| Papillion residence | $38,000.00 |
| 1973 Mercury | 3,800.00 |
| Commercial building, 1505 Wabash Avenue, Mattoon, Illinois | 28,000.00 |
| John Hancock fund — 175 shares | 4,331.00 |
| Personal items and household goods | 12,395.00 |
| Bank account | 1,500.00 |
| Gross value | $88,026.00 |
| Subject to encumbrances of: | 35,625.25 |
| Leaving a net value of property award to Willie: | $52,400.75 |

Of a net estate of $64,220.75, the wife was awarded $52,400.75, or approximately 81 percent. In addition, the trial court awarded to the wife $6,000 alimony, payable at the rate of $250 per month; $300 per month child support for 6 months, and $250 per month thereafter; $1,250 attorneys' fee, in addition to a $175 temporary allowance; and defendant was directed to maintain a $10,000 insurance policy on his life, naming the child of the parties as the beneficiary.

Analyzing the above figures, it is obvious, in the absence of some extenuating circumstances, that the property award to the wife is excessive. Except for the Papillion residence, which was titled in Emerson's name, the trial court gave the parties substantially the property they brought into the marriage. In dividing the after-acquired property, we assume the trial court ignored the note to Emerson's mother for $5,700, the proceeds of which were used to purchase 1624 Broadway Avenue, Mattoon, Illinois, assigned to Emerson. The equity in the property is less than the note.

There is no satisfactory way on the record to adjust the inequity in the property distribution if Willie is given the entire equity in the Papillion home. The

present equity is between $11,000 and $12,000. We direct that this home be sold by June 1, 1975, and the proceeds be divided equally between the parties. Willie, who is occupying the home, should keep up the payments on the two mortgages in lieu of rent. As an alternative to sale, if Willie does not desire to have the property sold, she may pay Emerson $5,500 on or before June 1, 1975, in full payment of his equity therein.

The fixing of the amount of alimony rests in each case within the sound discretion of the trial court, and this court has observed many times that the problems of alimony awards are not subject to solution by mathematical formula. Hoffmann v. Hoffmann (1972), 188 Neb. 408, 197 N. W. 2d 373. Plaintiff herein was allowed $6,000 alimony, payable $250 per month for a period of 24 months. In view of the relatively short period of the marriage, and the value of the property set off to plaintiff, an award of $200 for 12 months, or $2,400, is much more equitable.

We also hold that an allowance of $300 per month for 6 months, and $250 per month thereafter for child support is excessive for an 8-year-old child on the record herein. Defendant now is paying $130 per month for the support of a child from his first marriage. We direct that future child support be fixed at $175 per month until further order of the court.

For the reasons given, we direct that the decree entered by the trial court be modified in the particulars noted herein, and the decree be affirmed in all other respects. Each party is to pay his respective attorneys and the costs incurred by him on this appeal.

AFFIRMED AS MODIFIED.