EDITH W. FANNING, APPELLEE AND CROSS-APPELLANT, v. ED R. FANNING, APPELLANT AND CROSS-APPELLEE.

235 N. W. 2d 878

Filed December 11, 1975. No. 40091.

Owens & Owens, for appellant.

Cunningham, Blackburn, VonSeggern & Livingston, for appellee.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and COLWELL and RIST, District Judges.

SPENCER, J.

This is an action for dissolution of a marriage. The essential challenge is to the alimony and property division, although the respondent-appellant, Ed R. Fanning, also alleges irregularities in the proceedings of the court by which he was prevented from having a fair trial. Respondent husband appeals and the petitioner wife cross-appeals. We affirm.

The parties were married in 1961. They had both been previously married. They each had children from the previous marriages but none from the present one. At the time of the trial, the wife was 56 years of age and the husband 59.

At the time of the marriage, the wife owned 61 acres of land. Eleven of those acres were condemned during the marriage and the proceeds were used to pay debts and acquire more land. The husband at that time owned 400 unirrigated areas of farm land and during the marriage he inherited 175 acres from his mother. Together the couple purchased 1,585 acres during the marriage and placed $16,000 worth of irrigation equipment on 120 acres of land originally owned by the husband. The debts of the parties at the time of the trial were $150,706.28. The parties agreed that the value of their personal property totalled approximately $111,850.

The primary question herein relates to the value of the land. The wife's evidence would indicate a figure of approximately $300,000. The husband's evidence would indicate a value of approximately $210,000. Title to the 50 acres owned by the wife prior to the marriage

was quieted in her. Title to all other realty and personalty was quieted in the husband subject to indebtedness, and the wife was awarded $40,000 as her share of the joint property. Additionally, she was awarded alimony of $300 per month until the death of either party or until her remarriage, the costs of the action, and an attorney's fee of $750.

Neither party is satisfied with the division of property. This court has heretofore said that it is not inclined to disturb the division of property made by a trial court unless it is patently unfair on the record. Tavlin v. Tavlin (1975), *ante* p. 98, 230 N. W. 2d 108. This case does not meet that criteria. While this action is to be tried de novo on the issues presented on appeal, this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Seybold v. Seybold (1974), 191 Neb. 480, 216 N. W. 2d 179. We have repeatedly held that the fixing of alimony rests in each case within the sound discretion of the trial court. Young v. Young (1974), 192 Neb. 735, 224 N. W. 2d 361. On this record we determine that the trial court did not abuse his discretion.

During the course of the trial, the judge stated: "Now, gentlemen, I'm going to remind you that when we set this case, I was told it wouldn't take any more than an hour. It has already taken over an hour and twenty minutes, and I have other matters scheduled, presently, so we'd better move along a little faster." The husband contends that because of this statement he was prevented from having a fair trial. The contention is without merit. There is no indication in the record that counsel was prevented from presenting any evidence. After the statement, the respondent's expert witness gave his testimony. The record discloses no objection to the conclusion of the trial or the offer of

additional evidence. If the respondent was prejudiced, he has not argued that point in his brief.

The judgment of the District Court is affirmed. Costs, including a $750 fee for the services of petitioner's attorney in this court, are taxed to the respondent.

AFFIRMED.