Jo ANNE E. ABBOTT, APPELLANT, v. JAMES F. ABBOTT, APPELLEE.

241 N. W. 2d 527

Filed May 5, 1976. No. 40326.

David Herzog, for appellant.

Jeffrey L. Stoehr of McGrath, North, O'Malley, Kratz, Dwyer, O'Leary & Martin, for appellee.

Heard before SPENCER, BOSLAUGH, and McCOWN, JJ., and COLWELL and KELLY, District Judges.

KELLY, District Judge.

The petitioner filed an action in the District Court for Douglas County, Nebraska, on the 30th day of August 1973, praying that the court decree a legal separation; a division of the property accumulated by the parties; care, custody, and control of the three minor

children born the issue of the parties; and temporary and permanent support for herself and the three minor children. The respondent answered this petition and filed a cross-petition alleging the marriage was irretrievably broken and praying the court enter a decree dissolving the marriage; that the court make an equitable distribution of real and personal property of the parties; and that the court grant petitioner care, custody, and control of the minor children. Trial of the matter was not heard until February 18, 1975.

The testimony showed that the parties hereto had accumulated equity in a home in Omaha, Nebraska, of the value of some $12,000. They had further accumulated a 1960 Chevrolet automobile, free and clear; a 1971 Honda motorcycle; a 1973 Chevrolet, 4-wheel-drive vehicle; a travel trailer; household goods and furniture; and other personal property and debts. In addition, three children were born the issue of this marriage and at the time of trial they were 9, 6, and 5 years of age. The parties were married on December 28, 1963, and at the time of commencement of this action, the petitioner wife was 34 years of age and the respondent husband was 28 years of age. The husband was employed as a policeman by the City of Omaha, and the wife was a homemaker. The wife had not been employed for approximately 11 years prior to the time of trial, however, she had previously been employed as a laboratory technician, having had some training as a registered nurse. The net earnings per month of the husband was some $550, however, a loan was being deducted from his salary, which by this time has been paid and the net earnings have increased to $716 per month.

The court found that the marriage was irretrievably broken and entered a decree dissolving the marriage. The court granted custody of the minor children to the petitioner and ordered the respondent to pay the sum of $60 per child, per month, until the further order of the court. The court granted title to the 1960 Chevrolet to

the petitioner, free and clear, as well as the household goods and equipment in the residence. The court granted the respondent the 1973 Chevrolet automobile, the camper trailer, and the 1971 Honda motorcycle, all subject to the encumbrances. The court further ordered that the motorcycle be sold and the proceeds thereof be applied upon certain outstanding debts. The court further decreed that the respondent provide health and accident insurance coverage for the minor children of the parties, and further decreed the respondent pay the sum of $500 attorney's fee to the attorney for the petitioner.

The court provided that the petitioner and the three minor children be permitted to reside in the home owned by the parties and that the respondent pay the mortgage and tax payments in the sum of $221.44 per month. The court further provided that the property be sold upon the mutual agreement of the parties and the proceeds evenly divided after payment of necessary expenses and costs of sale, or the home be sold when the youngest child shall have become emancipated and no longer dependent, or that the home be sold within 6 months from the date of remarriage of the petitioner, and like distribution of the property be made.

The petitioner appeals, assigning as error that the trial court failed to recognize and make adequate provisions for the minor children through adequate child support and did not equitably divide the property of the parties. We affirm the decision of the trial court.

This court recently answered the questions presently on appeal in this case, in the case of Fanning v. Fanning, 194 Neb. 821, 235 N. W. 2d 878, wherein this court held: "This court has heretofore said that it is not inclined to disturb the division of property made by a trial court unless it is patently unfair on the record. Tavlin v. Tavlin (1975), ante p. 98, 230 N. W. 2d 108. This case does not meet that criteria. While this action is to be tried de novo on the issues presented on appeal, this court, in reaching its own findings, will give weight to

the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Seybold v. Seybold (1974), 191 Neb. 480, 216 N. W. 2d 179. We have repeatedly held that the fixing of alimony rests in each case within the sound discretion of the trial court. Young v. Young (1974), 192 Neb. 735, 224 N. W. 2d 361. On this record we determine that the trial court did not abuse his discretion."

The judgment of the District Court is affirmed, the appellant is allowed no fee for the services of her attorney in this court.

AFFIRMED.