JOHN VAN BLOOM, APPELLEE AND CROSS-APPELLANT, V. MARILYNN VAN BLOOM, APPELLANT AND CROSS-APPELLEE.
246 N. W. 2d 588

Filed November 3, 1976. No. 40522.

Ginsburg, Rosenberg, Ginsburg & Krivosha and Rodney P. Cathcart, for appellant.

Paul E. Galter of Bauer, Galter & Geier, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an action for dissolution of marriage instituted by the husband against his wife. The respondent wife essentially assigns two errors. (1) The trial court erred in failing to properly divide the marital estate between the parties. (2) The trial court erred in ordering that the alimony awarded to respondent should terminate upon the death of either party or remarriage of the wife. We affirm.

The parties were married in 1965. It was John's second marriage and Marilynn's fourth. No children were born of this marriage. John, however, adopted Marilynn's youngest daughter, Diana, born February 18, 1958. John's children and Marilynn's other children by previous marriages have reached the age of majority. At the time of the trial John was 62 years old and operated an insurance agency. Marilynn was 55 years old, a housewife with no outside employment.

The trial court essentially gave the parties the residue of the property brought by them into the marriage. The equity in the residence was assigned to the husband and the household goods and personal effects were divided as per agreement between the parties. Additionally, John was ordered to pay $225 per month to the respondent for the support of the minor child of the parties, and alimony at the rate of $750 per month for a period of 36 months and $100 per month thereafter for a period of 83 months, with the proviso that if John's income remained the same additional alimony may be allowed during the last 83 months. Further, the husband was directed to pay the wife $8,500, which was approximately the amount of a debt she owed to her bank on a personal indebtedness.

At the time of the marriage the husband had net assets totaling $177,000, plus furniture for his home. By the distribution, the court has decreed petitioner receives net assets of approximately $190,000, after paying the items the court directed him to pay in the de-

cree. The net value of the wife's assets, including the $8,500, is approximately $150,000. In his decree of dissolution the trial judge specifically itemized the considerations which induced him to make the distribution he did. No purpose will be served by their recital. A review of the record convinces us that he did not abuse his discretion in what he did.

We said in Tavlin v. Tavlin (1975), 194 Neb. 98, 230 N. W. 2d 108: "This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record." On the record herein, we cannot say that the distribution made reaches that standard.

Marilynn does not complain about the adequacy of the alimony. Her complaint is directed to the fact that the court made the order terminable upon the death of either party or the remarriage of the wife. By virtue of section 42-365, R. S. Supp., 1976, this would be the effect in the absence of an agreement of the parties or an order of the court.

As we said in Tavlin v. Tavlin, *supra:* "The problems of alimony awards are not subject to solution by mathematical formula. This is particularly true where a marriage is of very short duration. The court will take into consideration the estate of each party at the time of the marriage, their respective contributions since, the duration of the marriage, their age and condition of health, and all other pertinent facts and circumstances, and award an amount in alimony which appears to be fair and equitable between the parties on the circumstances present in that case."

While an action for a dissolution of marriage is to be tried de novo on the issues presented on appeal, this court in reaching its own findings will give weight to the fact that the trial court observed the witnesses and their manner of testifying, and accepted one version of the facts rather than the opposite. Seybold v. Seybold (1974), 191 Neb. 480, 216 N. W. 2d 179. We have re-

peatedly held that the fixing of alimony rests in each case within the sound discretion of the trial court. Fanning v. Fanning (1975), 194 Neb. 821, 235 N. W. 2d 878. On the record herein the action of the trial court does not shock the conscience of this court. There is no abuse of discretion.

The judgment of the trial court is affirmed. Costs are taxed to the party incurring them. No attorney's fee is allowed appellant in this court.

AFFIRMED.