WANDA G. GOTTSCHALK, APPELLEE, V. CHARLES E. GOTT-
SCHALK, APPELLANT.
249 N. W. 2d 502

Filed January 26, 1977.   No. 40629.

Tedd C. Huston, for appellant.

Stephen O. Stumpff of Stumpff, Schwasinger & Wash-
burn, for appellee.

Heard before SPENCER, BOSLAUGH, and CLINTON, JJ.,
and HAMILTON and WINDRUM, District Judges.

WINDRUM, District Judge.

This is an appeal from a decree dissolving the mar-
riage of the parties. The only issue to be resolved here
concerns the division of property between the parties
and assessment of costs, as all other issues, such as the
dissolution of the marriage and the custody and sup-
port of the children of the parties, were resolved by
the District Court to the satisfaction of both parties.

The parties were married on March 2, 1958. Each
was of the age of 18. Neither party brought property
of any significance to the marriage. Throughout the
marriage of the parties, petitioner in essence fulfilled
her duties as housewife and mother. However, during
the marriage, the petitioner did work in the store in
which respondent owned an interest. Petitioner

worked in said store in the meat department or as a checker, part time, from the date of marriage until 1969. Petitioner has no other skill, except that in 1974 she took a course in typewriting, and during 1975 she earned as high as $90 per week as a bookkeeper.

The record indicates that the respondent has been in the grocery business for more than 20 years. During 1974, respondent earned in salaries and bonuses, $14,-812.57. In addition, the corporation of which he was a part owner, made a profit. In 1975, the respondent was earning a salary of $180 per week and in addition was to receive $8,826 as his share of the manager's bonus. During the year 1975 the corporation expanded the business by opening another grocery store in Wyoming. The respondent is also an owner of a 50 percent share of a partnership engaged in the ranching industry. Further, respondent for many years, together with his family, had the use of the house located upon real estate of which he and petitioner were the owners of one-half, which constituted an additional source of income. Nothing appears in the record indicating any history of profits or loss from the farm partnership.

It shall now be necessary for the petitioner to find other living quarters for herself and the children of the parties, who shall be hereafter described. Petitioner contributed some of the support of the family by working in the family store, but in the main, she performed the normal duties of a housewife and mother. The marriage has lasted for 16 years, during which time petitioner was unable to expand her earning power by the obtaining of further experience, necessary contacts, or education with the exception that she, during the last year of the marriage, learned to type. At the time of trial, petitioner was unemployed.

The parties are the parents of three children now aged 15, 14, and 12. Custody of said three boys was awarded the petitioner. However, the court ordered

respondent to pay only $90 per month per child for their support.

As of the date of the filing of the petition, respondent was the owner of a one-third interest in IV-G Corporation. The corporation was engaged in the grocery business in Broken Bow, Nebraska. At various times, petitioner attempted to obtain relevant information concerning the net worth of such corporation. On May 15, 1975, the District Court appointed a master and ordered him to determine the financial status of said corporation as of December 31, 1974.

The master duly filed his report which was received as an exhibit at a pretrial conference held September 26, 1975. Trial on the issues was had on October 9, 1975. On December 9, 1975, the court ordered the division of property and assessed costs. On December 15, 1975, the court modified its order to some extent. Thereafter a motion for new trial was filed which was duly argued on January 16, 1976, and overruled.

The Court ordered the property of the parties to be divided as follows:

Wanda G. Gottschalk, petitioner and appellee:

| | | |
|---|---|---|
| (1) | 1973 Pontiac Automobile | $ 3,500 |
| (2) | Household Goods, furniture, major appliances, carpets, curtains, and drapes | 6,000 |
| (3) | Boat, motor, and trailer | 300 |
| (4) | Bedding, linens and small appliances | No value |
| (5) | Money judgment | 38,600 |
| | TOTAL | $48,400 |

Charles E. "Bud" Gottschalk, respondent and appellant:

| | | |
|---|---|---|
| (1) | 1/3 interest in IV-G Corporation, stock | $40,950 |
| (2) | 1/3 interest in accrued manager's bonus | 8,826 |
| (3) | 1/2 interest in farm (real estate) net | 28,425 |

| | | |
|---|---|---:|
| (4) | ½ interest in machinery and cattle | 4,915 |
| (5) | Horse | 150 |
| (6) | Saddles | 150 |
| (7) | 1974 Ford pickup | 3,500 |
| (8) | Old pickup truck | 50 |

| | |
|---|---:|
| TOTAL | $86,966 |
| Less money judgment | (38,600) |
| | $48,366 |

Respondent was ordered to pay the money judgment in 10 equal annual installments, the first being due in December of 1975. Said "judgment" was to draw interest at the rate of 8 percent per annum on the unpaid balance.

Respondent advances several assignments of error. Respondent does not object to the awards of the specific personal property to petitioner and the specific personal property to the respondent as above described. Respondent objects to the amount of the "judgment" to be paid in installments. First, respondent objects to the valuation of a bonus as hereinafter related.

Among the assets accumulated by the parties during their marriage was a one-third interest in IV-G Corporation. The master reported, and the court so found, that as of December 31, 1974, said corporation owed respondent a manager's bonus in the sum of $8,826. The court considered as an asset owned by respondent as of December 31, 1974, the manager's bonus. However, respondent attempted to show by evidence, which was not received by the court, that after the date of the filing of the petition, the IV-G Corporation, which operated a grocery store in Broken Bow, Nebraska, expanded to the extent that it opened a new store in Wheatland, Wyoming, and the respondent loaned his manager's bonus to said corporation to assist in said expansion. As of the date of the trial the new store in Wheatland, Wyoming, had suffered a loss from the date

of opening to the date of trial in the approximate sum of $22,000, one-third thereof being attributed to respondent, and thus the respondent had nearly dissipated the $8,826 bonus. Thus, respondent maintains the court should not have considered the manager's bonus as an asset. The record indicates that repeated efforts were made by petitioner to obtain relevant financial information concerning the IV-G Corporation without success. The loss of the Wheatland store is of no consequence unless accompanied by evidence of the profit and loss of all the corporate activities, including the Broken Bow store. Therefore, the court rightly rejected said evidence.

It is interesting to note that upon motion for new trial, the attorney for respondent stated that the figures for the operation of the corporation for 1975 were then available and that the respondent was in error in his previous assessment of the loss, and that the actual share of the loss for the entire corporation for the year 1975 attributable to respondent's third was in the sum of $2,336.59. However, there is no evidence to that effect, and in so stating, the respondent's attorney neglected to state whether or not the 1975 records reflected any manager's bonus.

Secondly, respondent claims there should have been deducted from the total value of all assets, before any division thereof was to have been made, the following items:

| | |
|---|---|
| Extra bills and expenses | $1,956.37 |
| Outstanding farm bills | 2,100.00 |
| Personal indebtedness | 1,200.00 |
| Bank note accrued but not due interest, farm | 696.00 |
| Real estate contract accrued but not due interest | 425.00 |
| Total | $6,377.37 |

It has been recently held in Abbott v. Abbott, 196

Neb. 97, 241 N. W. 2d 527, that this court is not inclined to disturb the division of property made by a trial court unless it is patently unfair on the record.

Although alimony and property rights are distinguishable and have different purposes in marriage dissolution proceedings, they are still closely related in the matter of determining the amount to be allowed, and the circumstances may require that they be considered together to determine whether the court has abused its discretion. Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618.

The court overlooked the items of farm bills and interest. The omission was brought to the court's attention on the hearing on respondent's motion for a new trial, however, and from then on the court chose to disregard same and in effect did not then inadvertently overlook them. The court had good reason not to deduct all the other items, but for reasons hereinafter stated, no useful purpose would be served by reciting the details thereof.

Assuming arguendo the total of $6,377.37 should have been deducted prior to a division, by not so doing, petitioner was awarded, counting the "judgment," 53.546 percent of the property. In view of the above-recited facts, this court cannot state that such a division would be unfair. Further, we do not find that all the above items should have been so first deducted.

Lastly, at the hearing on the motion for new trial, respondent attempted to introduce evidence concerning the loss incurred by the farm partnership for the year 1975, upon the theory that said evidence was not available at the time of the trial. In the first place, evidence of the financial condition of the partnership was obviously available at the time of the trial. Secondly, insofar as the division between the parties is concerned, the evidence of the loss of the partnership was not relevant as the court in dividing property valued the net assets of the partnership as of the date of the hearing,

and any profit or loss to the date thereof should then of necessity be disregarded. No error was committed for refusing to receive such evidence.

The judgment of the District Court is affirmed. The petitioner is awarded $500 for the services of her attorney in this court.

AFFIRMED.