ERIC L. SCHINKEL, APPELLANT, V. JOYCE L. SCHINKEL, APPELLEE.

255 N. W. 2d 851

Filed July 13, 1977. No. 41061.

Cunningham, Blackburn, VonSeggern & Livingston, for appellant.

Cronin, Shamberg & Wolf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is an action for dissolution of marriage. The District Court determined that the marriage was irretrievably broken, dissolved the marriage, retained legal custody of the minor child in the court, and granted physical custody of the child to the mother. The District Court also made a division of property and fixed amounts of alimony and child support payments. The husband has appealed and the only issue on appeal involves the custody of the minor child.

(1.)

The parties were married in 1972, and have one daughter who was born December 5, 1972. The petition here was filed May 16, 1975, and temporary custody of the child was placed in the mother. Trial was held on June 4, 1976, more than a year later. Only the husband and wife testified. Both the husband and wife were employed at the time of trial, and both proposed that their respective mothers could and would care for the child during working hours. A guardian ad litem was appointed for the child but the record does not show any report, recommendation, or pleading by the guardian ad litem.

The husband testified at the temporary custody hearing that his wife was a good mother to the child. He contended at trial that he should have the custody of the child. The basis was that the wife had been seeing another man for a period of over 1 year prior to trial, stays out late on dates with the other man, and sometimes takes the daughter along. The husband contends that this conduct resulted in loss of sleep for the daughter and affected her physical condition. The wife's testimony contradicts the husband's contentions.

The trial court saw and heard the testimony of both the husband and wife. He retained legal custody in the court but left physical custody with the mother. In determining the question of who should have the care and custody of a child upon the dissolution of a marriage, the paramount consideration must be the best interests and welfare of the child. Lockard v. Lockard, 193 Neb. 400, 227 N. W. 2d 581.

The discretion of the trial court on the granting or changing of custody of minor children is subject to review. However, the determination of the court will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853. There was no abuse

of discretion here and the evidence supports the determination made.

The judgment of the District Court is affirmed.

AFFIRMED.