CONSTANCE R. HANSEN, APPELLANT, V. THEODORE L. HANSEN, APPELLEE.

259 N. W. 2d 912

Filed November 23, 1977. No. 41187.

John A. Wagoner, for appellant.

Kelly, Kelly & Kelly, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

The marriage of the parties was dissolved September 21, 1976. Petitioner-appellant prosecutes this appeal attacking the division of the property, the amount of the alimony, and the insufficiency of the allowance for attorney's fees. We affirm as modified.

The parties were married December 4, 1971. At the time of the trial petitioner was 28 and her hus-

band 35. No children were born of the marriage although each party had two children by previous marriages. Petitioner worked during most of the marriage, earning approximately $300 a month. She also received $130 per month as support for children from her previous marriage. These amounts were deposited in the joint account of the parties. Respondent-appellee was continuously employed during the marriage. He was paying child support to his former wife in the amount of $130 per month. The joint income tax returns of the parties showed the following earnings during the marriage: 1972 - $14,544; 1973 - $16,045; 1974 - $17,959; and 1975 - $15,603.

Appellant received certain items of property, some of which she had brought into the marriage, and a 1976 Ford LTD, which was purchased in 1975 for approximately $5,200. Appellee was also ordered to pay appellant alimony in the amount of $2,400, payable in monthly installments of $120, and an attorney's fee of $300.

The record indicates appellee withdrew $1,547.23 from a joint savings account at the First National Bank, and made two withdrawals from the Home Federal Savings & Loan Association of $2,405.52 and $1,037.35. Appellant contends she received no benefit from any of these funds. Appellee testified some of them were used to pay current bills. No purpose will be served by further specifying in detail the distribution of the personal property of the parties and their relative contentions thereto. The distribution made appears to be within the limits of the discretion of the trial court.

The major item in contention is the apportionment of the equity in the home of the parties, which was assigned to the appellee. At the time of the marriage appellee owned a house which he had purchased in 1968 for $15,000. The mortgage balance on this house at the time of the marriage was $11,158.88.

Major improvements were made to the house during the 9 months prior to the marriage, during which time the appellant was living in the property. The record is undisputed that the appellant worked on these improvements, even to the extent of helping to dig the foundation for the construction of a kitchen. Many of these improvements were finished by the time of the marriage, although some of them were completed thereafter. This house, which was the residence of the parties, was sold on April 5, 1976, for $35,600, less $600 closing costs. The mortgage balance at that time was $7,232.83. The mortgage payments were made from the joint bank account.

The parties purchased another house on December 15, 1975, into which they moved in April 1976. The purchase price of this house was $43,000. The kitchen cabinets therein were replaced at a cost of $1,500. As of September 1, 1976, the mortgage balance was $14,874. Most of the equity from the first house was used for the purchase of the present one. This property, title to which was taken in the name of the appellant because of the child support judgment against the appellee, was appraised by the appellant, who was a real estate saleslady, at between $50,000 and $55,000. Appellee placed the value of the house at the time of the trial at $44,500, which was its cost plus the cost of the kitchen cabinets.

It appears to us the allowance of $2,400 alimony was an attempt by the trial court to adjust the equities in the real estate of the parties. We said in Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618 (1975): ''Although money and allocation of property rights are distinguishable and have different purposes in marriage dissolution proceedings, they are still closely related in the matter of determining the amount to be allowed, and circumstances may require that they be considered together to determine whether the court has abused its discretion.''

The rule is well established, the fixing of alimony

or distribution of property rests in the sound discretion of the District Court and in the absence of an abuse of discretion will not be disturbed on appeal. We find there is an abuse of discretion herein.

Our review of the record indicates the trial court did not adequately consider the contributions made by appellant in attempting to make an equitable distribution of the equity in the homes. While the marriage was of only 5 years duration, appellant contributed all her earnings and energies to it. The expenses and some of the improvements on the properties were paid from the joint bank account. The alimony allowance is clearly inadequate. We believe a more equitable adjustment by way of alimony would be $6,000, payable at the rate of $120 per month. We modify the judgment accordingly. Appellant's attorney is allowed a fee of $500 for services in this court, the same to be taxed as costs to the appellee herein.

The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.

McCOWN, J., dissenting.

The majority opinion recites the established rule that the fixing of alimony or the distribution of property rests in the sound discretion of the District Court, and in the absence of an abuse of discretion will not be disturbed on appeal. The majority opinion then finds that there was an abuse of discretion by the trial court in determining and adjusting by alimony payments the value of a residence which constituted the major asset of the parties.

The marriage lasted less than 5 years. The parties each had children by former marriages and there were no children born to this marriage. Both parties were employed during the marriage. The present value of the additional payments imposed by this court constitute less than 7 percent of the purchase price and of the lowest appraisal value of the residence. In determining that the trial court's ac-

tion under such circumstances constituted an abuse of discretion the majority opinion has ignored the settled rule of this court that the division of property made by the trial court will not be disturbed on appeal unless it is patently unfair on the record. Van Bloom v. Van Bloom, 196 Neb. 792, 246 N. W. 2d 588; Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108.

The problems of alimony awards and the determination and division of inflated property values are not subject to solution by mathematical formula. Although dissolution of marriage cases are heard de novo on appeal, this court ought to be slow to conclude that the trial court abused its discretion. We have continuously adhered to the rule that in reaching our findings we give great weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. This is particularly true where local property values are involved. Minor adjustments to a property division which reflect differing judicial viewpoints of the appellate court do not furnish a sufficient basis upon which to conclude that the trial court has abused its discretion.

In this case the alimony award and the division of property made by the trial court was not patently unfair on the record and there was no abuse of discretion by the trial court.

WHITE, C. J., and CLINTON, J., join in this dissent.