JAMES B. EDWARDS, APPELLANT, V. SHIRLEY J. EDWARDS, APPELLEE.

260 N. W. 2d 319

Filed December 14, 1977. No. 41234.

Gary L. Giese, for appellant.

Knapp, State, Yeagley & Mues, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for dissolution of a marriage. The trial court dissolved the marriage and divided the property of the parties. The petitioner has appealed and contends the trial court erred in failing to award a larger share of the property to him.

The parties were married in 1970. The petitioner was then employed as a tax accountant in Kansas City, Missouri. The respondent was employed as a secretary by a real estate company. About 1 month after the marriage the parties moved to a 560-acre farm near Litchfield, Nebraska. The respondent's parents were purchasing the farm on contract from the respondent's grandfather. The parties were to operate the farm on a share basis.

The respondent's father died about 2 months after the parties moved on to the farm. The respondent's mother died about 1 year later. The respondent was the sole heir of her parents and inherited the farm, an 18-acre tract near Broken Bow, Nebraska, 146 head of cattle, a large amount of other personal property consisting of farm machinery, automobiles, and trucks, household goods and furniture, and approximately $13,000 in cash. The only indebtedness against the property was $17,000 due on the farm contract.

The parties lived on the farm near Litchfield until the farmhouse was destroyed by fire in 1975. During this time much of the property inherited by the respondent was liquidated and dissipated. The cattle

and most of the farm machinery were sold. A part of the tract near Broken Bow was sold and the Litchfield farm was mortgaged for $25,000. This action was filed on November 13, 1975.

The trial court found that the petitioner had contributed approximately $13,000 in money and property to the marriage and that the property should be distributed so as to compensate the petitioner for his contribution to the marriage and restore to the respondent the property she had inherited.

The trial court awarded the petitioner a 10-acre tract he had purchased since the separation, a 24-foot camper, a 1970 Cadillac automobile, a 1975 BMW motorcycle, and personal property consisting of antiques, tools, furniture, and miscellaneous property including clothing and personal effects.

The trial court awarded the respondent the Litchfield farm, subject to indebtedness of approximately $42,000, the Broken Bow land, the house in Kearney, Nebraska, subject to the $30,000 mortgage, 2 vacant lots in Arizona, a promissory note signed by Andrew J. McMullen and others, and personal property consisting of 100 shares of Mallard Corporation Stock, 10 shares of Franklin Mint Stock, a 1973 Chevrolet automobile, the furniture and equipment in the house in Kearney, and miscellaneous property including bank accounts in her name.

The property which the respondent received was either directly inherited by her or purchased with the proceeds from property which she inherited. The Litchfield farm came directly to the respondent from her parents. The house in Kearney was purchased with funds from the sale of part of the Broken Bow tract. The house was furnished in part by the insurance proceeds from the Litchfield farmhouse fire. A part of the balance of the insurance proceeds was spent for one of the Arizona lots, the motorcycle, and farming and living expenses. The McMullen note represents proceeds received from

the sale of cattle. The proceeds from the mortgage on the Litchfield farm were used to pay a $16,000 personal note of the petitioner and to buy the camper and the 1970 Cadillac.

The respondent claimed that petitioner received in excess of $60,000 during the marriage which was not accounted for. This included a part of the proceeds from the mortgage on the Litchfield farm, proceeds from the sale of cattle and farm machinery, proceeds from sale of part of the Broken Bow tract, and proceeds from the fire insurance settlement. This was a circumstance to be considered in dividing the property between the parties.

The petitioner claimed that he had made substantial improvements to the farm. The evidence is that the farm deteriorated during the time the parties lived there and that most of the work which was done was done by the respondent and her children from a prior marriage.

The division of the property which the trial court made resulted in the respondent receiving a much larger proportion of the property than the petitioner. The division was fair because the source of most of the property was the respondent's inheritance from her parents.

A division of property which is not patently unfair will not be disturbed by this court on appeal. Van Bloom v. Van Bloom, 196 Neb. 792, 246 N. W. 2d 588.

The judgment of the District Court is affirmed. The respondent is allowed the sum of $500 for the services of her attorney in this court.

AFFIRMED.