BONNY L. THEYE, APPELLEE, V. LARRY D. THEYE, APPELLANT.

263 N. W. 2d 92

Filed March 1, 1978. No. 41320.

L. William Kelly, III, of Kelly, Kelly & Kelly, for appellant.

Ross, Schroeder & Fritzler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an appeal from a dissolution of marriage decree. Husband, respondent-appellant, prosecutes this appeal, attacking the award of permament custody of the children to the wife, the award of alimony, and the division of real and personal property. We affirm as modified.

The parties were married August 12, 1962. No children were born of the marriage although two children, ages 10 and 7 at the time of trial, were adopted by the parties during the course of their marriage.

Petitioner is a licensed practical nurse whose gross income for 1976 was $6,756. Respondent is an associate professor at Kearney State College whose gross salary for 1976 was $13,650. Respondent, who at the time of trial was very close to obtaining his Ph.D. Degree, has in the past supplemented his income by judging speech contests and teaching summer school. This additional income has amounted to between $1,000 and $1,500 in additional earnings on a yearly basis.

Petitioner worked full time during the first 5 years of the marriage. She quit working for about a year after the parties adopted their first child, and then

worked 2 days per week until 1976 when she resumed full-time employment. Respondent has taught at Kearney State College for 10 years. During the marriage he completed the remaining three-fourths of his Master's Degree work and started toward his Ph.D. The home which was shared by the parties during most of the marriage was built by respondent and his father in 1967. The house was appraised at $48,000 and is encumbered with a $13,133.51 mortgage, less $623.58 in escrow, or a balance of $12,509.93.

The trial court awarded custody of the two children to the petitioner and ordered respondent to pay $100 per month per child as child support. Respondent was also ordered to pay $125 per month for 84 months as alimony. Both parties were awarded personal property and certain bank accounts. The trial court awarded the home owned by the parties to the petitioner. It directed that the petitioner pay to the respondent the sum of $14,500, plus 8 percent interest per annum from the date of decree until paid, said sum being payable not later than 5 years from the date of decree, or upon sale of the house if it is sold before the lapse of 5 years.

Where the issue of child custody is involved, both the mother and father have an equal and joint right to the custody of their children. The test for determining custody, which has been reiterated by this court many times, is the best interests of the child. In the present case the fitness of either parent was not in issue. A report by a child welfare social worker found that both petitioner and respondent were good parents, but did recommend that petitioner would be better able to fill the role of a "whole parent." The trial court's determination on granting custody will not ordinarily be disturbed unless there is a clear abuse of discretion, or it is clearly against the weight of the evidence. Schinkel v. Schinkel, 199 Neb. 1, 255 N. W. 2d 851. Consider-

ing all the facts involved, we cannot say that the trial court abused its discretion in awarding petitioner custody of the children, nor that its decision is against the weight of the evidence.

Respondent's second assignment of error concerns the issue of alimony. Petitioner was awarded $125 per month for 84 months as alimony. The fixing of alimony rests in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. Hansen v. Hansen, 199 Neb. 462, 259 N. W. 2d 912. The record here establishes that unilateral acts of the petitioner were responsible for the irretrievable breakdown of the marriage and that the respondent made all reasonable efforts to save the marriage. Under the facts of this case we find that the grant of alimony to petitioner was excessive. We therefore modify the court's award of alimony to $125 per month for 2 years.

Lastly, respondent contends the court erred in the distribution of the real and personal property of the parties. On review this court will not disturb a division of property made by the trial court unless it is patently unfair. Edwards v. Edwards, 199 Neb. 581, 260 N. W. 2d 319. We find nothing patently unfair in the division of personal property made by the District Court.

The residence of the parties at the time of trial had a net value of approximately $36,000. Apparently, in lieu of a share of the residence, the court ordered that respondent be paid by petitioner the sum of $14,500, plus 8 percent interest, all payable no later than 5 years from the date of the decree, or when the home is sold if that should occur earlier. We assume there was a reason, perhaps related to the feasibility of refinancing the mortgage to pay this obligation, why the court awarded respondent an amount less than one-half the equity. Based on that assumption we do not modify that portion of the decree.

Each party will pay his own costs and attorney's fees in this court.

AFFIRMED AS MODIFIED.

WHITE, C. THOMAS, J., concurring in result.

I agree with the majority in the result. I disagree with any implication in the opinion that the result somehow follows a determination of responsibility for the initial breakdown of the marriage. The award of alimony and the division of property are determined by the circumstances of the parties at the time of dissolution of the marriage, the length of the marriage, the health, relative earning power, and education of the parties, and whether there are unemancipated children. See § 42-365, R. S. Supp., 1976. No case has said that the granting, denial, or reduction of alimony nor the division of property are to be considered punitive. I would not engraft any such provision on the law of this state.

WHITE, C. J., and McCOWN and BRODKEY, JJ., join in this concurrence.

BOSLAUGH, J., concurring.

I concur in the opinion of Judge Clinton. In making an award of alimony and a division of property the court should consider more than just the circumstances of the parties at the time of the dissolution of the marriage. Not only the length of the marriage but the property of the parties at the time of the marriage, the income during the marriage, and how it was spent are important factors which should be considered. It would be totally unrealistic to disregard the circumstances of the parties during the marriage and assume that a fair and just division of property could be made without regard to what happened during the marriage.

SPENCER, J., joins in this concurrence.