RICHARD ELMER LONG, APPELLEE, V. SARA CHRISTINE LONG, APPELLANT.

263 N. W. 2d 825

Filed March 22, 1978. No. 41484.

Joseph A. Shaughnessy, for appellant.

John A. Gale for McGinley, Lane, Mueller, Shanahan, McQuillan & Gale, for appellee.

Heard before SPENCER, McCOWN, and BRODKEY, JJ., and REAGAN, District Judge, and KUNS, Retired District Judge.

REAGAN, District Judge.

Sara Christine Long appeals from an order of the District Court granting custody of a minor child of the parties to the father, Richard Elmer Long. The parties were married on October 17, 1970, and the only issue of the marriage is a son, Michael, born November 22, 1972. The parties separated in the early part of 1975. The action was tried in April of 1977 and during the period of separation, Michael remained with Mrs. Long. At the close of the trial, the District Court dissolved the marriage, divided the property, and awarded custody of Michael to Mr. Long.

Appellant assigns as error: (1) Utilization by the trial court of a comparative standard of fitness in determining custody of the minor child; (2) consideration of evidence of conduct of appellant which had no adverse effect on the health, morals, or well-being of the minor child; and (3) abuse of discretion in the custody award.

The first assignment of error is totally without merit. A comparative standard of fitness is exactly the test each trial court must employ in determining which parent should have custody. § 42-364, R. S.

Supp., 1976. It is usually stated that a mother and father have an equal and joint right to custody, and that custody is to be determined by the best interests of the child or children. Theye v. Theye. *ante* p. 206, 263 N. W. 2d 92 (1978). The cases cited by appellant in support of this assignment of error deal generally with custody awards to third parties.

The second and third assignments are properly considered conjunctively. The evidence shows that Mrs. Long lived in at least 6 different places during the 2-year separation prior to trial, and at one time lived with another man. She worked at several jobs during the period, drew welfare money, and a portion of the time relied on a paramour for support. In contrast, the evidence shows Mr. Long maintains a stable environment, both at home and work. He has a good job with prospects of advancement. He provided financial support for Michael during the separation period.

The applicable rule of law has been so oft-stated that one more repetition may have little, if any, precedential value. However, a trial court's determination of custody will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion, or it is clearly against the weight of the evidence. Theye v. Theye, *supra*. No such showing has been made in this case, and the judgment of the District Court should be affirmed.

AFFIRMED.