CLARENCE DAVIS, JR., APPELLANT AND CROSS-APPELLEE, v. LOUISE P. DAVIS, APPELLEE AND CROSS-APPELLANT.

276 N. W. 2d 97

Filed March 6, 1979. No. 41848.

M. A. Mills, Jr. of Mills & Mills and C. Russell Mattson of Mattson, Ricketts, Davies, Stewart & Calkins, for appellant.

Steven J. Flodman of Barlow, Johnson, DeMars & Flodman, for appellee.

Heard before BOSLAUGH and WHITE, JJ., and SPENCER, Retired Justice, and WOLF and SPRAGUE, District Judges.

WHITE, J.

This is an appeal by the petitioner, Clarence Davis, Jr., from a property division award in the District Court. Appellee Louise P. Davis cross-appeals. We affirm with modification.

The parties were married on June 25, 1968, in Albany, New York. At the time of the marriage the petitioner, Dr. Clarence Davis, a physician, was a resident of New Mexico, and the appellee, Louise P. Davis, was a resident of New York. It was the third marriage for Dr. Davis and the second marriage for Louise. At the time of trial, Dr. Davis was 50 years old and Louise was 56. Each had three children from prior marriages. At the time of the marriage, Dr. Davis was employed by the State of New Mexico and living in a home furnished by the State of New Mexico. Louise was employed as the acting head nurse in the emergency room at Albany Medical Center. She was a registered nurse and was enrolled at a college, it being her aim to gain a degree of bachelor of science in nursing. At the time of the marriage, Dr. Davis owned an automobile and an unspecified but presumably small amount of money in a bank account. This is evidenced by the facts that he borrowed from Louise a sum of $1,000 to purchase a used automobile and that she paid a substantial portion of the moving expenses. At the time of the marriage, Louise owned a 1967 Chevrolet automobile and had approximately $10,000 in a bank and

a house of furniture. Louise had been living in a home in Albany, the life use of which had been awarded to her in a previous divorce action which she surrendered when she married.

The parties moved to Albuquerque, New Mexico. Louise worked part time in a family planning clinic. During various times, the children of the parties lived with them, three of the children leaving shortly after the marriage, two to be married and the other to go to the armed services. In June 1970, Dr. Davis and Louise moved to Osceola, Nebraska, where Dr. Davis opened a medical practice. Both Dr. Davis and Mrs. Davis took an active role in preparing the office for the practice of medicine. They purchased the equipment together, painted the building, stripped the floors of wax, and generally cleaned the offices. Louise, in addition to her household duties, worked for Dr. Davis in the practice, acting as general bookkeeper, receptionist, and nurse. She was the only employee for approximately 5 months and worked 5 days a week plus Saturday morning without pay until 1973 when she received $3 per hour as a salary. The money was used for personal expenses, clothing, and some household expenses.

In appellant's brief-in-chief, he concedes that his assertion of $163,400 of net worth in the trial court was not correct due to certain significant omissions which were developed at trial. He contends in this court that the correct valuation is $194,954.

The appellant's principal assignment on appeal is that the trial court abused its discretion by awarding the appellee Louise a total sum of $120,000 of property, plus the personal property then in her possession. The appellant contends the guideline this court recited in Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430, namely, that awards to the wife are from one-third to one-half of the marital property depending on the facts in each particular case, was not followed. He argues the marriage was one of relative-

ly short duration and, in fact, that the trial court awarded a value in excess of 62 percent of the total property. Appellant here urges application of the percentage guidelines in Kula, *supra*, based on the assumption that the trial court could not have found the valuation of the marital estate to be in excess of the $194,954 appellant now admits to in this court.

On introduction of a financial statement disclosing the total value of $163,400, the following items were developed as omissions from the financial statement: An anticipated federal income tax refund of $12,079; an $8,000 note due on a land contract that was not then in default; a $2,000 promissory note from another physician; a $6,000 bank account; an understatement of another bank account of $2,250; and an understatement of the value of a Keogh Plan of $2,500. Also included in the net worth statement submitted by appellant at trial was a figure of collectible accounts receivable of $35,000 on total accounts receivable of $60,000. At a deposition, Dr. Davis had indicated his collection rate was approximately 80 percent and, therefore, the value of the collectible accounts receivable would be $48,000. In the financial statement submitted at trial, without referring to other than what he concluded were general economic conditions, he reduced that value to the $35,000 figure.

There were four parcels of real estate owned either by Dr. Davis or by the parties jointly. The house in Osceola, almost totally constructed by the doctor himself, was valued at $35,000. The evidence indicated the material cost alone of the house was $45,422 and the testimony of appellee's expert was that the fair market value of the house was $52,820. A vacant lot, on which an existing building had been destroyed and on which foundation footings were laid, was understated by $8,500 below the actual cost. There were substantial differences in value for an existing cafe building in Stromsburg, Nebras-

ka, and a house in Osceola. Both were valued below their actual acquisition costs. Dr. Davis also constructed, during their marriage, a twin-hulled catamaran which he valued at $5,000. The cost of material of the boat alone was $5,500 in excess of its estimated value and the testimony of Louise was that Dr. Davis stated the value was in excess of $30,000. There was also minimal value attached to a 1976 Grand Prix automobile which had been acquired at a cost of $6,000 and was listed by the doctor at a value of $3,200, although slightly in excess of 1 year old at the time of trial. In addition, the court could have found minimal values were attached to a variety of other equipment consisting of a truck, tractor, jeep, pickup, and cement mixer.

In a dissolution action, the distribution of property rests in the sound discretion of the trial court and, in the absence of an abuse of that discretion, will not be disturbed on appeal. Edwards v. Edwards, 199 Neb. 581, 260 N. W. 2d 319. Although the trial court made no specific finding on the disputed evidence, it is evident the determinations of valuation could have been substantially in excess of that asserted by Dr. Davis. It is true the marriage here is of relatively short duration; but it must be pointed out that the substantial and perhaps indispensable assistance rendered to Dr. Davis by Louise lead to the establishment of a successful practice in Osceola, Nebraska, and accumulation of a substantial amount of property over a comparatively short period of time. Assistance was rendered both in housekeeping and caring for children. The valued service as a bookkeeper and professional service by way of nursing duties in the clinic itself probably contributed substantially to the asset accumulation. While it is true Louise does have training and skill and is now engaged in practicing her profession, and, as the trial court felt, the need or justification for alimony was not present, nevertheless, a decree which awarded

approximately 50 percent or thereabouts of the assets of the marriage, to which the wife is shown to have contributed substantially by both rendering the normal services of a wife and mother and professional services, cannot be said to be an abuse of discretion by the trial court.

Louise cross-appeals for the failure of the trial court to award alimony. Although Louise has had some health problems, she is capable of and engaged in practicing her profession and apparently the trial court felt, as we do, the award of alimony was not warranted in view of the amount awarded under the property division.

On her cross-appeal, Louise also asserts that the court erred in failing to assess an attorney's fee. We agree. The bill of exceptions suggests a considerable effort by Louise's counsel in the discovery and valuation of the assets of the parties. As has been indicated, Dr. Davis' attitude could, at best, be termed "uncooperative." The omission of acknowledged assets in excess of $30,000 and the low valuations consistently placed on the property were met with evidence produced by Louise's counsel which persuaded the trial court to accept a higher valuation than that given by Dr. Davis. We think an allowance of $3,000 for fees in the trial court and $1,500 in this court is warranted.

The judgment of the trial court is affirmed with the exception of its order not allowing attorney's fees. The judgment is affirmed as modified.

AFFIRMED AS MODIFIED.