AGNES MAHAN, APPELLEE, V. WILLIAM F. MAHAN, APPELLANT.

278 N. W. 2d 594

Filed May 8, 1979. No. 42142.

Richard A. Douglas, for appellant.

R. M. Van Steenberg of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

Heard before KRIVOSHA, C. J., CLINTON, and HASTINGS, JJ., and STUART, District Judge, and KUNS, Retired District Judge.

STUART, District Judge.

This is an appeal from an order of the District

Court refusing to modify the alimony provision of an original decree of dissolution of marriage. The marriage of the parties was dissolved on October 12, 1972. As part of this decree each party was awarded certain property and William F. Mahan was ordered to pay Agnes Mahan as alimony the sum of $700 per month for a period of 121 months commencing November 1, 1972. The decree continued: "Such alimony shall terminate on the remarriage or the death of the plaintiff. * * * All payments of alimony are subject to further order of the court."

On January 11, 1977, Dr. Mahan filed a motion for modification of the alimony provision of the original decree, alleging changes in Mrs. Mahan's circumstances. Mrs. Mahan filed an answer and cross-petition. After trial the District Court found that Dr. Mahan had failed to prove any material change in circumstances which would justify a modification of the original decree as it pertained to alimony. The court also found that Mrs. Mahan had failed to prove any material change in circumstances which would entitle her to an increase in alimony. Costs were taxed to Dr. Mahan including a $1,250 fee for Mrs. Mahan's attorney.

Appellant contends that the increase in Mrs. Mahan's earned income constitutes a material change in circumstances. At the first trial on September 21, 1972, Mrs. Mahan testified she went back to work as a beauty operator in 1972 and at the time of the trial was making $40 per week. At the second trial it was shown that her income as a beautician was as follows: For 1974, $4,668; for 1975, $4,914; for 1976, $5,003; and for 1977, $5,593. In addition she had income from interest on savings and the alimony paid by Dr. Mahan. An attempt on her part to show Dr. Mahan's income during the same time periods was not allowed by the trial judge.

It stands to reason that at the time of the trial, when Mrs. Mahan had just resumed her occupation

as a beauty operator, her income would be small. Her annual increase of earned income from 1974 to 1977 approximates 5 percent per annum. These facts are insufficient to show a material change in circumstances. "Although alimony and allocation of property rights are distinguishable and have different purposes in marriage dissolution proceedings, they are still closely related in the matter of determining the amount to be allowed, and circumstances may require that they be considered together to determine whether the court has abused its discretion. * * * The fixing of alimony or distribution of property rests in the sound discretion of the District Court, and, in the absence of an abuse of discretion, will not be disturbed on appeal." Hansen v. Hansen, 199 Neb. 462, 259 N. W. 2d 912; Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618.

We have examined Dr. Mahan's other claims that there has been a material change in circumstances and find that they are without merit.

Appellant also claims the trial court's award of $1,250 for appellee's attorney was excessive. The record shows Mrs. Mahan's counsel spent a total of 36 1/6 hours time plus $17 for out-of-pocket expenses. We find that this claim is without merit.

The appellee is allowed an additional attorney's fee of $750 for the services of her attorney in this court.

AFFIRMED.